IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| GREG A. GAINES, | ) | C/A No. 0:08-530-RBH-TER |
| | ) | |
| PETITIONER, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND |
| | ) | RECOMMENDATION |
| STATE OF SOUTH CAROLINA; WARDEN | ) | |
| TYGER RIVER CORRECTIONAL INSTITUTION | ) | |
| | ) | |
| RESPONDENT, | ) | |

Petitioner, Greg A. Gaines ("petitioner/Gaines"), is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on February 15, 2008. On April 2, 2008, petitioner filed an amended petition. An order was issued on April 14, 2008, authorizing service of process of the amended petition. Respondent filed an amended motion for summary judgment on February 2, 2009, along with supporting memorandum. The undersigned issued an order filed February 2, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. On March 4, 2009, petitioner filed a response in opposition to the motion for summary judgment.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the court.

# I. PROCEDURAL HISTORY

The procedural history as set out by the respondent has not been seriously disputed by the petitioner. Therefore, the undisputed procedural history as stated by the respondent is set forth herein.

Petitioner is currently incarcerated in the Tyger River Correctional Institution pursuant to an order of commitment from the Clerk of Court of Greenville County. A Greenville County Grand Jury indicted petitioner in June 2004 for criminal sexual conduct with a minor second degree. (PCR App. pp. 117-118). Alex Kinlaw, Esq., represented petitioner on the charge. Petitioner elected to plead guilty as charged on October 6, 2004, before the Honorable J. C. Nicholson, Jr. The judge accepted the plea and sentenced petitioner to twenty (20) years imprisonment, suspended upon service of nine (9) years in favor of five years probation. (PCR App. p. 22). Petitioner did not appeal his plea or sentence.

On December 13, 2004, petitioner filed an application for post-conviction relief ("PCR"), in which he raised the following claims:

(a) Ineffective assistance of counsel;

(b) Violation of due process;

(c) Violation of constitutional rights.

(PCR App. p. 26).

The State made its return on March 10, 2005. (PCR App. pp. 33-38). Caroline M. Horlbeck, Esq., represented petitioner in the action. On June 16, 2005, petitioner, through PCR counsel, filed an amended application raising the following claims:

1. Counsel failed to inform the Applicant that the information obtained through the Department of Social Services investigation was not admissible at trial

    absent inspection by the trial judge during an in-camera hearing in order to determine its admissibility;

  2.  Counsel failed to explain to the Applicant that the State was limited in use of hearsay during trial.

(PCR App. pp. 40- 45).

  An evidentiary hearing was held June 21, 2005, before the Honorable D. Garrison Hill. The PCR judge issued a written order on July 20, 2005, granting a belated appeal, but otherwise denying relief. (PCR App. pp. 109-116). Petitioner appealed the denial of relief, and sought a review of his direct appeal issues through the post-conviction relief process.

  Wanda H. Carter, Deputy Chief Attorney of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, represented petitioner on appeal. Appellate counsel filed a Petition for Writ of Certiorari in the Supreme Court of South Carolina on July 10, 2006, and raised the following issues:

  1.  Did the PCR judge properly rule that petitioner did not voluntarily and knowingly waive his right to direct appeal?

  2.  Was trial counsel ineffective in failing to explain the nature and elements of the offense charged and the accompanying sentencing consequences therein?

(Cert. Petition, p. 2).

Appellate counsel also filed an *Anders*[3] *Brief of Appellant Pursuant to White v. State*[4] and raised the following issue:

  The lower court erred in accepting appellant's guilty plea without inquiring into whether he understood that the plea would waive his right to confront his accusers.

(*Anders* Brief, p. 3).

  The State filed a return to the petition on August 9, 2006. On or about August 25, 2006, Petitioner filed a *pro se* brief, as allowed under the *Anders* procedure, and raised the following

issues:

    1. Whether the trial judge utilized inappropriate statements made by the Solicitor in his sentencing determination?

    2. Whether Appellant's guilty plea complied with the mandates of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709 (1969)?

(*Pro Se* Brief, p. 3).

On March 12, 2007, the Supreme Court of South Carolina issued a memorandum opinion that denied the petition as to the ineffective assistance of counsel issue, but granted a review of the direct appeal issues, then denied relief. Gaines v. State, Memorandum Opinion No. 2007-MO-016 (S.C.Sup.Ct. filed March 12, 2007). The state court issued the remittitur on March 28, 2007.

## II. HABEAS ALLEGATIONS

In his *pro se* Petition for Writ of Habeas Corpus, petitioner makes the following claims of error:

| | |
|---|---|
| Ground One: | Ineffective Assistance of Counsel. |
| Supporting facts: | Counsel failed to conduct a proper investigation as to the victim's allegations/ counsel failed to explain that the State was limited in use of hearsay during trial/ counsel failed to explain the nature and elements of the offense charged and the accompanying sentencing consequences therein/ counsel gave erroneous advice/ counsel failed to file direct appeal as requested by Petitioner. |
| Ground Two: | "Involuntary Guilty Plea" |
| Supporting facts: | Petitioner plead[ed] guilty without the understanding of the charges and sentence involved. As a result Petitioner's plea was given involuntarily. The petitioner testified he believed he was pleading guilty to assault and battery of a high and aggravated nature. |

4

| | |
|---|---|
| Ground Three: | PCR Counsel - fully investigate documents and other exculpatory evidence. |
| Supporting facts: | PCR counsel failed to interview the prior attorney and paraprofessionals in the case and request a list of all files that were particularly used, endeavor to enlist mental health records, substance abuse records, Grand Jury proceedings, Arraignment, Pretrial Suppression hearings, Evidentiary or other hearings on pretrial matters. |
| Ground Four: | Ineffective assistance with regard to guilty plea. |
| Supporting facts: | Where erroneous advice is provided regarding the sentence likely to be served if the defendant chooses to proceed to trial, and that erroneous advise stems from the failure to review the statute or case law that attorney knew to be relevant the attorney has failed to engage in the type of good-faith analysis of the relevant facts and applicable legal principles that effective assistance requires. |

(Habeas Petition, pp. 5-6).

In the amended petition, petitioner raised various allegations appearing to challenge the facts of the charge to which he pleaded guilty and alleges that he had to attend his preliminary hearing without an attorney or public defender. (Amended petition, doc. #9).

### III. SUMMARY JUDGMENT

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir.

5

1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the defendants are "entitled to judgment as a matter of law" under Rule 56(c) because the petitioner has failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

## IV. STANDARD OF REVIEW

Since Gaines filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 117 S. Ct. 2059 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir. 1998); Green v. French, 143 F.3d 865 (4th Cir. 1998). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law. See O'Brien v. DuBois, 145 F.3d 16 (1st Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review."). Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d). See Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1).

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases . . . A state- court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Court's] precedent.
>
> [A] state-court decision involves an unreasonable application of [the Supreme] Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also

7

> involves an unreasonable application of [the] Court's precedent if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

Id. at 1519-20. Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.

## V. MERITS

### Ground One

In Ground One, petitioner asserts a claim for ineffective assistance of counsel arguing that counsel failed to conduct a proper investigation as to the victim's allegations, that he failed to explain the limited use of hearsay during trial, that he failed to explain the nature and elements of the offense charged and the accompanying sentencing consequences, that he gave erroneous advice, and that counsel failed to file a direct appeal as requested by petitioner.

Respondent argues that even though petitioner raised these grounds in his PCR application, he only raised the failure to secure a direct appeal and the allegation that counsel was "ineffective in failing to explain the nature and elements of the offense charge and the accompanying sentencing consequences" on appeal from the denial of relief. Respondent argues that as to the direct appeal issue, the PCR judge found ineffective assistance of counsel and the PCR appellate counsel submitted the direct appeal issues for consideration. Therefore, respondent asserts that this issue is

moot. The undersigned agrees and recommends that this issue be dismissed and respondent's motion for summary judgment granted with respect to ineffective assistance of counsel for failing to file a direct appeal.

As to petitioner's allegation that counsel was ineffective in failing to explain the nature and elements of the offense charged and the accompanying sentencing consequences, respondent argues that petitioner can show no improper application of federal law and that the record supports the PCR court's denial of this issue.

When presented with an application for habeas relief, the first inquiry by the court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court. 28 U.S.C.A. §2254(d). If the claim was properly presented to the state court and the state court adjudicated it, the deferential standard of review set forth in §2254(d) applies and federal habeas corpus relief may not be granted unless the relevant state-court adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Id. § 2254(d)(1),(2); see Williams v. Taylor, 529 U.S. at 398.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the

defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) (quoting Strickland, reversed on other grounds, 476 U.S. 28 (1986)). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Strickland, at 694.

The court further held at page 695 that:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct . . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added.)

A review of the PCR court's Order of dismissal reveals the PCR Judge found as follows:

. . . the Applicant stated plea counsel did not explain either the offense he was pleading guilty to or the resulting consequences. The applicant testified he believed he was pleading guilty to assault and battery of a high and aggravated nature (ABHAN) in exchange for probation.

. . . Plea counsel testified the solicitor originally offered an ABHAN plea to the Applicant, that he discussed this offer with the Applicant, and that the Applicant rejected it. At the time the Applicant pled guilty, plea counsel stated the Applicant knew he was not pleading to ABHAN and that he was pleading to second-degree CSC with a minor. Plea counsel testified he never promised probation to the Applicant and that he explained the ramifications of pleading to a sex offense.

10

> Regarding the Applicant's claims of ineffective assistance of counsel, this Court finds the Applicant has failed to meet his burden of proof. This Court finds the Applicant's testimony is not credible, while also finding plea counsel's testimony is credible. This Court further finds plea counsel adequately conferred with the Applicant, conducted a proper investigation, and was thoroughly competent in is representation.
>
> The Applicant admitted to the plea judge both that he was guilty and that the facts recited by the solicitor were true. (Plea transcript, p. 11, lines 2-3; p.13, lines 2-7). The Applicant also told the plea judge that he understood the trial rights he was waiving in pleading guilty, was satisfied with counsel, and had not been coerced in any way. (Plea transcript, p. 5, line 25-p.7, line 7; p, 8, line 16-p.10, line 1; p. 10, lines 7-9).
>
> Accordingly, this Court finds the Applicant has failed to prove the first prong of the Strickland test-that plea counsel failed to render reasonably effective assistance under prevailing professional norms. Plea counsel performed a thorough investigation of this case and adequately counseled and informed the Applicant on this charge. The plea judge informed the Applicant he was pleading guilty to second-degree CSC with a minor and that this charge carried a maximum twenty (20) year sentence. (Plea transcript, p.6, lines 11-25). Though plea counsel asked the judge to consider a probationary sentence, this was a straight-up guilty plea without any recommended or negotiated sentence. (Plea transcript, p. 17, line 20-p.18, line 15). The Applicant has failed to prove the plea involuntary or that he was promised a certain sentence. This Court also finds the Applicant failed to prove the second prong of Strickland-that he was prejudiced by plea counsel's performance. This Court concludes the Applicant has not met his burden of proving counsel failed to render reasonably effective assistance. See Frasier v. State, 351 S.C. at 389, 570 S.E.2d 174.

(Tr. 112-114).

A state court's finding on a claim of ineffective assistance of counsel is a combination of a finding of fact and a conclusion of law. Although applicable precedents may require this court under 28 U.S.C. §2254, to make its own determination of both the performance and (if necessary) the "prejudice" components highlighted in Strickland, 466 U.S. 668, the historical facts decided by a court of a state in a claim of ineffective assistance of counsel remain subject to deference. See Hoots v. Allsbrook, 785 F.2d 1214, 1219 & n. 6 (4th Cir. 1986) ("old" § 22254(d) standard) and Williams, supra.

The undersigned has reviewed the record and concludes that respondents' motion for summary judgment should be granted on this issue. The record supports the PCR judge's finding that the petitioner has not demonstrated that his attorney's performance was deficient by showing that his representation fell below an objective standard of reasonableness and, further, he has not shown that the attorney's performance actually prejudiced him.

A review of the plea transcript reveals that petitioner told the judge that his attorney had answered all of his questions and explained the charges, charge of criminal sexual conduct, to him and that he understood the conversations with his attorney. The court asked petitioner "[d]o you understand that you could get up to 20 years on the charge of criminal sexual conduct in the second degree?" to which petitioner replied "yes, sir." (Tr. 6). Further the court asked petitioner "[d]o you understand it's no parolable offense, that you could not make parole? Do you understand?" to which the petitioner responded "Yes, sir." (Tr. 6-7). Petitioner also stated that he was completely satisfied with his attorney. The court also asked trial counsel if he had explained to petitioner his constitutional rights and counsel responded in the affirmative. Further, trial counsel stated that petitioner is a very intelligent young man and understood all his conversations. Additionally, counsel stated that he explained to petitioner "the charges and the elements to the jury" and petitioner understood. Trial counsel also responded to the court that based on his investigation and conversations with the petitioner that he and petitioner felt confident that a jury would render a verdict of guilty if the case was tried.

Petitioner further stated to the court that he understood that he was giving up certain rights by pleading guilty and that under the Fifth Amendment, he had the right to remain silent and that no-one could make him testify. Petitioner again stated that he understood that he was waiving his

12

right to the Fifth Amendment and that he understood he had a right to a jury trial. Petitioner testified that he understood that his attorney could make certain motions to possibly suppress evidence, to present witnesses and to cross-examine witness if he went to trial and twelve jurors would have to find a unanimous verdict to find him guilty. Petitioner stated that knowing all about a jury trial, he did not want a jury trial. Petitioner further testified that he was pleading guilty of his own free will and accord and that no-one had coerced, threatened or intimidated him to make him plead. (Tr. 10). Petitioner further testified that he wanted to plead guilty and that he was guilty. Id. The plea transcript further reveals that trial counsel asked the court based on petitioner's request that he not be placed in jail but wanted the court to start his sentence by getting counseling. The judge stated that he did not mind trial counsel asking but stated "I just wanted to tell you that that possibility of straight probation is not going to happen." (Tr. 18).

As the PCR court's rejection of the ineffective assistance of counsel ground for relief did not result in an unreasonable application of Hill and Strickland and was not based upon an unreasonable determination of facts in light of the state court record, this ground is without merit. The state court decisions did not involve a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(1), (2); Williams, supra. Thus, the undersigned recommends that the respondent's motion for summary judgment be granted on this issue.

All other remaining allegations raised by petitioner in Ground One are procedurally barred in that they were not raised on review from the appeal of the PCR decision. If a petitioner before a

federal court fails to raise a claim in state court and is precluded by state procedural rules from returning to state court to raise the issue, he has procedurally by-passed his opportunity for relief in state courts. In such a case, the exhaustion requirement is technically met, but a federal district court is barred from considering the habeas claim, absent a showing of cause and actual prejudice. Coleman v. Thompson, 501 U.S. at 750. The procedural default doctrine and its attendant "cause and prejudice" standard are grounded in comity and federalism concerns. Id. at 730-31. These principles apply whether the default occurred at trial, on appeal, or on state collateral attack. Murray v. Carrier, 477 U.S. at 490-92. Furthermore, in the absence of cause and prejudice, the petitioner must show that he is factually "actually innocent" in order to have his claim heard on collateral review. Bousley, 523 U.S. at 622-24. "To establish actual innocense, petitioner must demonstrate that, 'in light of all the evidence,' it is more likely than not that no reasonable juror would have convicted him." Id. At 623 (quoting Schlup v. Delo, 513 U.S. 298, 327-328 (1995) (quoting Friendly, Is Innocence Irrelevant? Collateral Attack on Criminal Judgments, 38 U.Chi.L.Rev. 142, 160 (1970)). In this case, petitioner has not shown cause to overcome the procedural bar. Additionally, petitioner entered a plea of guilty to the charges stating that he was in fact guilty. "Absent clear and convincing evidence to the contrary, [petitioner] is bound by the representations made during his plea colloquy." Beck v. Angelone, 261 F.3d 377, 396 (4th Cir. 2001)(internal quotations and citations omitted). Therefore, it is recommended that the remaining allegations be dismissed.

**Ground Two**

In Ground Two of the habeas petition, petitioner asserts "Involuntary Guilty Plea." Petitioner

asserts that he pleaded guilty without the understanding of the charges and sentence involved and the plea was given involuntary because he thought he was pleading guilty to assault and battery of a high and aggravated nature. Respondent argues that other than in the context of ineffective assistance of counsel related to the plea, the issue is procedurally defaulted.[2]

It is noted in the PCR court's Order of Dismissal that the PCR Judge stated "The Applicant alleges his guilty plea was involuntary and that he received ineffective assistance of counsel." The PCR judge found the following:

> To be knowing and voluntary, a plea must be entered with a full understanding of the charges and the consequences of the plea. Boykin v. Alabama, 395 U.S. 238, 243-44, 89 S.Ct. 1709, 1712, 23 L.Ed. 2d 274 (1969); Dover v. State, 304 S.C. 433, 434, 405 S.E.2d 391, 392 (1991). When determining issues relating to guilty pleas, the court will consider the entire record, including the transcript of the guilty plea, and the evidence presented at the post-conviction relief hearing. Anderson v. State, 342 S.C. 54, 57, 535 S.E.2d 649, 657 (2000(citing Harres v. Leeke, 282 S.C.. 131, 318 S.E.2d 360 (1984). When a defendant pleads guilty on the advice of counsel, the plea may only be attacked through a claim of ineffective assistance of counsel. Roscoe v. State, 345 S.C. 16, 20, 546 S.E.2d 417, 419 (2002)(citations omitted).

Additionally, as analyzed under Ground One above, the guilty plea transcript reflects that petitioner stated that he understood that he could get twenty (20) years, that it was a no parolable offense, that he understood the rights he was giving up by not going to trial, that he was satisfied with his attorney who had answered all his questions, that he was pleading freely and voluntarily, and that he was in fact guilty. Therefore, the record supports that PCR court's determination that the "plea was entered into knowingly and voluntarily within the mandates of Boykin." (Tr. 115). As the

---

[2] The undersigned does not find that this issue is procedurally defaulted. Petitioner raised and the PCR court ruled that the plea was entered into knowingly and voluntarily under the mandates of Boykin. Further, as petitioner was allowed to file an appeal under Anders, he filed a pro se Anders Brief in which he raised the issue of whether or not his guilty plea complied with Boykin. Therefore, the undersigned will address the merits of this allegation.

15

PCR court's rejection of this ground did not result in an unreasonable application of Strickland and was not based upon an unreasonable determination of facts in light of the state court record, this ground is without merit. Accordingly, it is recommended that Ground Two be dismissed.

**Ground Three**

In Ground Three of he habeas petition, petitioner alleges that his PCR counsel was ineffective for failing to investigate his case. Respondent argues that this claim is prohibited by statute.

As this issue pertains to ineffective assistance of PCR counsel, it is recommended that this issue should be dismissed. Ineffective assistance on collateral review is not cognizable in this court as there is no constitutional right to counsel in collateral proceedings. Pennsylvania v. Finley, supra (1987); Mackall v. Angelone, 131 F.3d 442 (4th Cir. 1997). Further, it is barred by statute. See 28 U.S.C. §2254(i)("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

**Ground Four**

In Ground Four of the habeas petition, petitioner asserts "ineffective assistance with regard to guilty plea." Petitioner asserts that his counsel was ineffective by giving erroneous advise regarding the sentence that he would likely serve because he failed to review case law and statute that counsel knew to be relevant.

For the reasons cited in Ground One above, it is recommended that his allegation be denied.

For any other allegations with respect to ineffective assistance of counsel not addressed in Ground One, the claims are procedurally defaulted and cause has not been shown to overcome the default.

**Amended Petition**

Respondent asserts that the issues raised in the amended petition were not litigated in the PCR action and are procedurally barred from review. Additionally, respondent asserts that petitioner clearly admitted to the facts of the criminal sexual conduct with a minor during his guilty plea, was represented by counsel at the plea and in preparation for trial before the plea.

As to the various allegations raised by petitioner as to the truth of the factual basis to his charges and asserting that the investigating officer refused to hear his side of the story, that the "mother of the alleged victim that made this statement against petitioner refused to let D.S.S. interview the child that made the fabricated statement, and the fact that he did not have counsel at his preliminary hearing are procedurally barred in that these issues were not raised to the state's highest court. If a petitioner before a federal court fails to raise a claim in state court and is precluded by state procedural rules from returning to state court to raise the issue, he has procedurally by-passed his opportunity for relief in state courts. In such a case, the exhaustion requirement is technically met, but a federal district court is barred from considering the habeas claim, absent a showing of cause and actual prejudice. Coleman v. Thompson, 501 U.S. at 750. The procedural default doctrine and its attendant "cause and prejudice" standard are grounded in comity and federalism concerns. Id. at 730-31. These principles apply whether the default occurred at trial, on appeal, or on state collateral attack. Murray v. Carrier, 477 U.S. at 490-92. Furthermore, in the absence of cause and prejudice, the petitioner must show that he is factually "actually innocent" in

17

order to have his claim heard on collateral review. Bousley, 523 U.S. at 622-24. "To establish actual innocense, petitioner must demonstrate that, 'in light of all the evidence,' it is more likely than not that no reasonable juror would have convicted him." Id. At 623 (quoting Schlup v. Delo, 513 U.S. 298, 327-328 (1995) (quoting Friendly, Is Innocence Irrelevant? Collateral Attack on Criminal Judgments, 38 U.Chi.L.Rev. 142, 160 (1970)). Petitioner has not shown cause to overcome this default. Additionally, petitioner entered a plea of guilty to the charges stating that he was in fact guilty. "Absent clear and convincing evidence to the contrary, [petitioner] is bound by the representations made during his plea colloquy." Beck v. Angelone, 261 F.3d 377, 396 (4th Cir. 2001)(internal quotations and citations omitted).

## VI. CONCLUSION

Based on the foregoing, it is recommended that respondent's motion for summary judgment (document #47) be GRANTED and petitioner's petition for Writ of Habeas Corpus should be denied, and this Petition dismissed.

It is further recommended that any outstanding motions be deemed MOOT.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
August 5, 2009     United States Magistrate Judge
Florence, South Carolina
**The parties' attention is directed to the important notice on the next page.**