UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Greg Gaines, ) | Civil Action No.: 0:08-cv-00530-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| State of South Carolina, Warden Tyger ) | |
| River Correctional Institution, ) | |
| ) | |
| Respondents. ) | |
| _____) | |

This matter comes before the court with Petitioner's [Docket Entry #84] Motion for Reconsideration and [Docket Entry #85] Motion for Rehearing. Petitioner is currently an inmate at the Tyger River Correctional Institution in Enoree, South Carolina. Proceeding *pro se*, he brought this action pursuant to 28 U.S.C. § 2254.

On September 10, 2009, after Petitioner failed to file objections to the Magistrate Judge's[1] [Docket Entry #73] Report and Recommendation, this court entered an [Docket Entry #80] Order adopting the Magistrate Judge's Report, granting the respondents' motion for summary judgment, and thereby dismissing the case with prejudice. Petitioner seeks reconsideration of that order.

**Jurisdiction**

On October 14, 2009, Petitioner filed with this court a notice of appeal to the Court of Appeals for the Fourth Circuit. The filing of a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in

---

[1] This matter was automatically referred to United States Magistrate Judge Thomas E. Rogers, III pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.).

the appeal," except insofar as a statute or rule expressly reserves the district court's jurisdiction in aid of appeal. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Rule 4 of the Federal Rules of Appellate Procedure reserves jurisdiction for the district court. Rule 4(a)(4)(B)(i) states:

> If a party files a notice of appeal after the court announces or enters a judgment–but before it disposes of any motion listed in Rule 4(a)(4)(A)–the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

In the case presently before the court, Petitioner first filed a motion for reconsideration, and then filed a notice of appeal before receiving a ruling on the initial motion. Accordingly, this court retains jurisdiction to enter judgment on the Rule 59 motion for reconsideration.

### **Motion for Reconsideration**

Plaintiff filed his motion for reconsideration on September 18, 2009,[2] which was within ten (10) days after this court entered its final judgment. Generally, the timing of the motion's filing controls "whether a motion for reconsideration is governed by Rule 59(e) or Rule 60(b)." *Harrison v. Watts*, 609 F. Supp. 2d 561, 569 (E.D. Va. 2009). If the motion is filed "within ten (10) days of the entry of judgment [it] is considered under the more lenient standard of Rule 59(e) . . . ." *Id.* Accordingly, Plaintiff's motion for reconsideration is governed by Rule 59 of the Federal Rules of Civil Procedure.

However, reconsideration of a previous court order under Rule 59 is disfavored. The Fourth Circuit has held that a district court has discretion to grant such a motion only in very narrow circumstances: (1) "to accommodate an intervening change in controlling law," (2) on

---

[2] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to district court).

2

account of new evidence, and (3) "to correct a clear error of law or prevent manifest injustice." *Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 236 (4th Cir. 1994). Moreover, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered . . . ." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002) (internal citations omitted).

In his motion for reconsideration, Petitioner contends that he was unable to receive his mail notifying him of the September 3, 2009 deadline to file his objections because the Tyger River Correctional Institution was on lock down for security reasons.[3] Originally, Petitioner's objections to the Report and Recommendation were due by August 24, 2009. However, on August 24, 2009, this court granted Petitioner's motion for an extension of time, thereby setting forth September 3, 2009 as the new deadline to file objections. Due to the institutional lock down, Petitioner was unable to check and retrieve his legal mail until September 4, 2009. Moreover, Petitioner contends that because September 4 was the Friday before Labor Day Weekend, he was unable to mail his objections until the following Tuesday, September 8. After reviewing the reasons why Petitioner was unable to timely file his objections, this court grants his motion for reconsideration out of an abundance of caution. Otherwise, manifest injustice would result if this court was to uphold its order granting summary judgment on the basis that no objections were filed, when in fact it appears they were filed as soon as possible after the termination of an institution-wide, security lock down.

---

[3] In support of his contention, Petitioner provided a memorandum from Tim Riley, Warden of Tyger River Correctional Institution, stating that, due to security concerns within the institution, Petitioner was "unable to retrieve his mail from the mailroom on August 31, 2009" and wasn't able to return to the mailroom until September 4, 2009. Moreover, he "was able to respond to the report and recommendation on September 8, 2009." Memorandum [Docket Entry #85, Attach. 1].

**Motion for Rehearing**

Also pending before this court is Petitioner's [Docket Entry #85] Motion for Rehearing under Rule 44 of the Rules of the Supreme Court of the United States, which he filed in addition to his motion for reconsideration and in which he makes the same arguments. While this rule is not applicable here, the motion is also denied as moot since the court has now granted his Motion for Reconsideration.

**On the Merits**

After granting Petitioner's motion for reconsideration, this court has reviewed the Report and Recommendation, objections, memoranda, and applicable law.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The right to *de novo* review may be waived by the untimely filing of objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The district court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id*. Moreover, in the absence of objections to the Report and Recommendation, this court is not required to give

any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

In his Report, Magistrate Judge Rogers recommended that this court grant the respondents' motion for summary judgment and dismiss Petitioner's case. In the Report, the Magistrate Judge undertakes a thorough analysis of the four grounds for relief Petitioner raised in his petition. The four grounds are: (1) Ineffective Assistance of Counsel, (2) "Involuntary Guilty Plea," (3) PCR Counsel - fully investigate documents and other exculpatory evidence, and (4) Ineffective assistance with regard to guilty plea. Specifically, the Magistrate Judge recommended that Grounds One, Two, and Four be denied because the PCR court's determinations did not result in an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984), and were not based upon an unreasonable determination of facts in light of the state court record. Moreover, the Magistrate Judge found that Ground Three should be dismissed because "ineffective assistance of counsel on collateral review is not cognizable in this court." Report [Docket Entry #73] at 18.

After reviewing the lengthy objections, this court sees no reason to disagree with Magistrate Judge Rogers' thorough and accurate Report. In his objections, Petitioner generally restates his claims and re-alleges his factual grounds for relief. Petitioner does not set forth any arguments sufficient to shed doubt on the Magistrate Judge's findings. Moreover, Petitioner fails to sufficiently object to the Magistrate Judge's recommendations.[4] For example, in regards to Ground Three, Petitioner does not address the Magistrate Judge's finding that such a claim is

---

[4] *Hunt v. Mortgage Elec. Registration*, 522 F. Supp. 2d 749, 752 (D.S.C. 2007) (stating that Hunt waived her right to further judicial review because her "objections [were] non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation, or merely restate[d] her claims.").

5

not cognizable in this court. Rather, Petitioner simply sets forth the facts he alleges give rise to his ineffective PCR counsel claim. Under our scope of review, as stated by the Magistrate Judge, Petitioner's arguments do not establish that the adjudication of the claims resulted in a decision contrary to, or involved an unreasonable application of, established federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding.

Accordingly, after reviewing the Report, objections, and applicable law, this court overrules all of Petitioner's objections and agrees with the Magistrate Judge's recommendation to grant the respondents' motion for summary judgment.

## Conclusion

For the reasons stated above, Petitioner's [Docket Entry #85] Motion for Rehearing is **DENIED**, while his [Docket Entry #84] Motion for Reconsideration is **GRANTED**. Additionally, after reconsideration and upon further review, the court overrules all of Petitioner's objections and adopts and incorporates by reference the Report and Recommendation [Docket Entry #73] of the Magistrate Judge. The respondents' motion for summary judgment is **GRANTED** and this case is hereby **DISMISSED** *with prejudice*.

**IT IS SO ORDERED.**

                                                                   s/R. Bryan Harwell
                                                                   R. Bryan Harwell
                                                                   United States District Judge

November 12, 2009
Florence, South Carolina